■ J. CLARENCE DAVIES, INC., et al., Appellants, v. MICHAEL FORTE, Respondent.— Order entered July 5, 1968, modified on the law to direct defendant to supply further particulars in regard to questions 13 and 22 of the demand for a bill of particulars and directing that upon failure to comply within the time specified in the order to be settled herein the defendant be precluded from offering proof thereon, and, as so modified, affirmed, without costs and without disbursements. Defendant moved and plaintiff cross-moved for various types of relief. We are in accord with and affirm the dispositions made by Special Term except in regard to the answers given to certain demands for a bill of particulars. In items 13 and 22 defendant was asked to state the facts on which he concluded that an application to the Common Council of Yonkers would be denied. The answers given were an investigation made by defendant's attorney. While the opinion and the consequent advice given by the attorney would be privileged, any facts which he discovered would not. If any such facts were revealed to defendant, he should set them forth. Concur — Stevens, P. J., Capozzoli, Nunez and Steuer, JJ.; McGivern, J., concurs and dissents in part in the following memorandum: I would affirm *in toto.* The function of a bill of particulars is to amplify the pleadings and limit the issues so as to prevent surprise at the trial and not to supply the evidentiary detail in support of the formulated issues. (*Vicidomini* v. *State of New York,* 21 A D 2d 837.) In my view, the requirement that defendant supply further particulars in regard to questions 13 and 22 of the demand offends the office of a bill of particulars. In the present posture of the case plaintiff is not entitled via a bill of particulars to exact from defendant the "evidentiary material" or facts which led defendant to determine that an application to the Common Council would have resulted in denial of an application for removal or modification of the restriction against the desired use of the property. (See *Le Page* v. *Continental Cas. Co.,* 16 A D 2d 1012.) Settle order on notice.